**Gerald RICHARDSON and Freda Richardson**

v.

**TOWN OF KITTERY.**

Supreme Judicial Court of Maine.

Argued March 5, 1990.

Decided March 19, 1990.

HORNBY, Justice.

In this case we decide that a second Rule 80B complaint can be properly commenced by filing a supplemental complaint under M.R.Civ.P. 15(d).

The Richardsons would like to build a garage on their property in Kittery's resource protection zone. On June 6, 1986, the Kittery Board of Zoning Appeals denied their request to locate the garage sixty-five feet from the surrounding wetlands. The Richardsons filed a timely complaint in Superior Court under M.R.Civ.P. 80B. While that action was pending, the Richardsons sought to overcome their difficulty with the Town by seeking a building permit for a garage/boathouse in the same location. The Zoning Board of Appeals denied this request on August 14, 1987. Within the thirty days permitted by M.R.Civ.P. 80B to challenge the Board's decision, the Richardsons filed a motion to supplement their earlier complaint by adding a count challenging the latest denial.[1] The Town of Kittery consented to the motion and the Superior Court (York County, *Cole, J.*) granted the motion on September 17, 1987. On September 14, 1989, well after the 30–day time limit for challenging the Board's action had passed, the Superior Court (York County, *Perkins, J.*) determined that the supplemental complaint was not sufficient to give the court jurisdiction over the 1987 decision and that the proper remedy for the Richardsons was to have filed a separate Rule 80B complaint. The Superior Court therefore rejected the challenge to the 1987 Board decision for lack of jurisdiction. The Richardsons have appealed.

 The Richardsons have been engaged in the process of trying to get approval for their garage project. Their second application to the Board involved alterations to the project that they hoped would secure the Board's approval. It was not unreasonable for them to think that their challenge to the new decision rejecting the project did not require a separate Rule 80B complaint, but might fit under Rule 15(d) permitting "a supplemental pleading set-

Gary H. Reiner (orally), Patrick S. Bedard, Reiner & Bouffard, Kittery, for plaintiffs.

Duncan A. McEachern (orally), McEachern & Thornhill, Kittery, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

---

1. The Richardson called their motion a motion to amend but it has properly been treated as a motion to supplement pleadings under M.R. Civ.P. 15(d).

ting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." As we said in *Rancourt v. City of Bangor,* "the rationale underlying M.R. Civ.P. 15(d) is that a party should not be put to the expense and aggravation of commencing a new lawsuit when events bearing on, arising out of, or *relating in some reasonable way* to the matters originally pleaded occur after the complaint has been filed." 400 A.2d 354, 356 (Me.1979) (emphasis supplied, footnote omitted). Moreover, "[u]nless the party objecting to the supplemental pleading can show that his position will be prejudiced or that the litigation will be unreasonably delayed by the allowance of a supplemental pleading, the court should ordinarily grant the motion." *Id.* Here, of course, not only was there no prejudice or delay caused by the supplemental pleading; but the Town even consented to its filing. Nothing in the Rules prevents having more than one Rule 80B action in the same pleading, *see* M.R.Civ.P. 80B(a), and the Superior Court appropriately granted the motion when it was first made. Maine's Civil Rules are to be "construed to secure the just, speedy and inexpensive determination of every action." M.R.Civ.P. 1. It would be a return to the risks of common law pleading to rule—now that it is too late to file a separate Rule 80B complaint—that in retrospect the Town of Kittery and the Superior Court were wrong in originally agreeing to the supplemental complaint. If there were some problem in managing simultaneous consideration of the two Board of Appeals decisions, Rule 42(b) was the proper remedy.[2]

The entry is:

Judgment vacated and remanded for further proceedings on Count IV.

All concurring.

---

**2.** Since the Superior Court has rejected the challenge to the 1986 denial (a decision which the Richardsons have not appealed) recourse to Rule 42 is actually not necessary.